UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKAM MISSON, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>LUIS FLORES ROBLES, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01744-AGT<br><br>**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS AND MOTION TO STRIKE**<br><br>Re: Dkt. No. 13 |

  Plaintiffs Hakam Misson and Simrat Mission have sued their former tenants, Luis Robles and Mary Robles. The complaint asserts two federal claims—misappropriation under the Defend Trade Secrets Act (DTSA), and violation of the Racketeer Influenced and Corrupt Organizations Act (RICO)—and numerous state law claims, all arising from defendants' alleged "scheme to defraud and extort monies from Plaintiffs." Defendants have moved to dismiss the complaint in its entirety for failure to state a claim under Rule 12(b)(6), and for insufficient service of process under Rule 12(b)(5). Defendants have also moved to strike certain allegations from the complaint under Rule 12(f). For the reasons stated on the record and reiterated below, the motion to dismiss under Rule 12(b)(6) is granted with leave to amend; the motion to dismiss under Rule 12(b)(5) is denied; and the motion to strike under 12(f) is granted in part and denied in part.[1]

**A. Rule 12(b)(6)**

  Plaintiffs' DTSA and RICO claims are the asserted grounds for federal jurisdiction, and so any deficiency in their adequacy also calls the Court's subject matter jurisdiction into question. On the facts currently alleged, neither federal claim is plausible.

---

[1] Defendants' request for judicial notice, *see* Dkt. 15, is denied as moot because the Court did not consider the attached document.

DTSA Claim: "To succeed on a claim for misappropriation of trade secrets under the DTSA, a plaintiff must prove: (1) that the plaintiff possessed a trade secret, (2) that the defendant misappropriated the trade secret; and (3) that the misappropriation caused or threatened damage to the plaintiff." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 657–58 (9th Cir. 2020). The DTSA also has a jurisdictional hook, requiring that the trade secret be "related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1); *see Am. Career Coll., Inc. v. Medina*, 2021 WL 5263858, at *6 (C.D. Cal. Sept. 28, 2021).

Plaintiffs' DTSA claim is deficient in a number of respects. For starters, plaintiffs have not adequately pleaded an actionable trade secret. The DTSA defines a "trade secret" as information that "derives independent economic value, actual or potential, from not being generally known to . . . another person who can obtain economic value from the disclosure or use of the information" and that "the owner thereof has taken reasonable measures to keep . . . secret." 18 U.S.C. § 1839(3). It is not clear from the complaint how plaintiffs' alleged trade secret—a property inspection report that plaintiffs ordered in February 2017 during the escrow phase of their purchase of an apartment complex in Turlock, California—derives "independent economic value" from being kept secret. *See Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1012 n.15 (1984) (explaining that "[t]he value of a trade secret lies in the competitive advantage it gives its owner over competitors"); *see also United States v. Chung*, 659 F.3d 815, 826 (9th Cir. 2011). It is likewise not clear how plaintiffs' property inspection report has any nexus to interstate or foreign commerce such that the DTSA even applies.

Plaintiffs have also failed to plausibly plead that they took reasonable measures to protect the secrecy of their claimed trade secret. They allege that Hakam Mission emailed the property inspection report to Luis Robles for an unidentified "very limited purpose and not for disclosure or dissemination to any third party," Compl. ¶ 26, but the complaint is devoid of any factual allegations suggesting that Luis Robles owed plaintiffs a duty or otherwise understood and agreed to keep the inspection report confidential. *See Ruckelshaus*, 467 U.S. at 1002 ("If an individual discloses his trade secret to others *who are under no obligation to protect the confidentiality of the*

2

*information*, or otherwise publicly discloses the secret, his property right is extinguished.") (emphasis added). Instead, plaintiffs simply allege "upon information and belief" that defendants "were aware that the confidential and proprietary Confidential Inspection Report was a part of Plaintiffs' Trade Secrets." Compl. ¶ 29. Plaintiffs further allege—again, without any factual support—that defendants "misappropriated the Trade Secrets since they were acquired by improper means." *Id.* ¶ 59. Such conclusory assertions are insufficient to state a claim for relief under the DTSA. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

RICO Claim: Plaintiffs have also failed to allege facts sufficient to state a claim for violations of, or conspiracy to violate, RICO. "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks and citation omitted). In addition, a plausible RICO claim must satisfy Rule 9(b)'s heightened pleading standard and a variety of specific pleading allegations under the statute with respect to the alleged enterprise, predicate acts, injury, and causation. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) ("Rule 9(b)'s requirement that 'in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims.") (simplified). The complaint does not come close to meeting these requirements.

First, plaintiffs have not adequately pleaded the existence of an "enterprise" within the meaning of RICO. *See* 18 U.S.C. § 1961(4) (defining "enterprise" to include "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity"). The complaint does not allege a legal entity and fails to sufficiently allege an "association-in-fact" enterprise, which requires a common purpose, a structure or organization, and sufficient longevity to accomplish its purpose. *See Boyle v. United States*, 556 U.S. 938, 956 (2009); *Odom v. Microsoft Corp.*, 486 F.3d 541, 552 (9th Cir. 2007) (en banc). Nor does the complaint allege the existence of a distinct RICO person and enterprise. *See*

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001) ("[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name.").

Second, the complaint fails to satisfy Rule 9(b)'s heightened pleading standard, which "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991); *see also Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) ("Rule 9(b) requires a party to 'state with particularity the circumstances constituting fraud or mistake,' including 'the who, what, when, where, and how of the misconduct charged.'") (citation omitted). Plaintiffs' general allegations that defendants "committed multiple acts including, without limitation, violation of 18 U.S.C. § 1341 through mail and wire fraud" over a period "spanning many years" for the "unlawful purpose of intentionally defrauding Plaintiffs," *see* Compl. ¶¶ 101, 104, 105, fall far short of this standard. And there is not a single allegation specific to Mary Robles and her alleged role in defendants' "scheme to defraud." *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together.").

Third, as to injury and causation, plaintiffs fail to allege facts to support their conclusory assertion that "[a]s a direct result of Defendants' Scheme and conspiracy, Plaintiff has suffered financial loss of at least $300K and Plaintiffs have suffered ongoing economic losses as a result of the Scheme that will be proven at trial," Compl. ¶ 111. *See Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (explaining that "a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was "by reason of" the RICO violation, which requires the plaintiff to establish proximate causation"). Finally, because plaintiffs have not plausibly alleged a substantive violation of RICO, their claim for conspiracy to violate RICO also fails. *See Howard v. Am. Online Inc.*, 208 F.3d 741, 751 (9th Cir. 2000).

As noted on the record, the Court has serious doubts about whether defendants' alleged conduct could ever fall within the scope of RICO. *See Nguyen v. Chow*, 2014 WL 12625960, at

*2 (N.D. Cal. Sept. 19, 2014) (explaining that RICO "is focused on long-term criminal conduct, not on sporadic activity or on garden-variety tort or contract claims"). Nevertheless, plaintiffs are granted leave to amend if they can make a good faith effort to cure the above deficiencies.

<u>State Law Claims</u>: Because it is unclear whether plaintiffs will be able to state a viable federal claim, the Court declines to address defendants' arguments supporting dismissal of the state law claims at this juncture. *See* 28 U.S.C. § 1367(c)(3).

**B.     Rule 12(b)(5)**

Defendants' motion to dismiss for insufficient service of process under Rule 12(b)(5) is denied. However, plaintiffs must serve Mary Robles in accordance with the applicable Federal Rules of Civil Procedure, with any amended complaint.

**C.     Rule 12(f)**

Defendants' motion to strike the allegations regarding Luis Robles's non-payment of child support, *see* Compl. ¶¶ 44 & 98, under Rule 12(f) is granted. The motion is otherwise denied.

\* \* \*

To the extent plaintiffs wish to pursue this action in federal court, they may file an amended complaint by January 28, 2023, to cure the identified defects in the federal claims. Plaintiffs are advised that further pleading deficiencies will likely result in dismissal with prejudice. The Court declines to address the state law claims until a federal claim is adequately alleged. This case is stayed in all other respects, including discovery, until the Court is satisfied that subject matter jurisdiction has been established.

**IT IS SO ORDERED.**

Dated: November 25, 2022

ALEX G. TSE
United States Magistrate Judge