UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAKAM MISSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LUIS FLORES ROBLES, et al.,<br><br>    Defendants. | Case No. 22-cv-01744-AGT<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DISMISSING CASE WITHOUT PREJUDICE TO REFILING IN STATE COURT**<br><br>Re: Dkt. No. 27 |

Plaintiffs initiated this action in federal court based on federal question jurisdiction. Their complaint asserted two federal claims—misappropriation under the DTSA, and violation of RICO—and numerous state law claims arising from defendants' alleged "scheme to defraud and extort monies from Plaintiffs." The Court previously granted defendants' motion to dismiss both federal claims under Rule 12(b)(6), and granted plaintiffs leave to amend as follows:

> To the extent plaintiffs wish to pursue this action in federal court, they may file an amended complaint by January 28, 2023, to cure the identified defects in the federal claims. Plaintiffs are advised that further pleading deficiencies will likely result in dismissal with prejudice. The Court declines to address the state law claims until a federal claim is adequately alleged. This case is stayed in all other respects, including discovery, until the Court is satisfied that subject matter jurisdiction has been established.

Dkt. 26 at 5.

On January 25, 2023, rather than filing an amended complaint as directed, plaintiffs filed a "Motion to Remand All State Claims To State Court," advising that they "have decided not to amend its [sic] Federal RICO and Federal DTSA claims" and requesting that the Court "either retain jurisdiction over the state law claims or remand the state law claims to the Superior Court of Alameda County." Dkt. 27 at 3, 5. Their motion is denied.

1  As an initial matter, this Court cannot remand a case that was originally filed in federal court. *See* 28 U.S.C. § 1447 (describing procedures for remand following removal from state court); *see also Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 428 (2010) ("[F]ederal tribunals lack authority to remand to the state court system an action initiated in federal court."); *Albers v. PMP Access Fund Manager, LLC*, 2010 WL 2486369, at *3 n.2 (N.D. Cal. June 16, 2010) ("A federal court cannot remand an action originally filed in federal court[;] the only available remedy is dismissal."). Nor can the Court "retain jurisdiction" over plaintiffs' remaining state law claims because plaintiffs failed to state a viable federal claim in the first instance and the parties are not diverse.

Because the Court lacks subject matter jurisdiction over this action, dismissal is required. Accordingly, plaintiffs' remaining claims are dismissed without prejudice to refiling in state court. The Clerk's Office is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 8, 2023

ALEX G. TSE
United States Magistrate Judge